UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney Alan Mattmiller,                                    Civil File No. 05-1841 (PAM/JJG)

                          Petitioner,

v.                                                     **MEMORANDUM AND ORDER**

Randy J. Kopesky; Tom Adkins; and the
Attorney General for the State of
Minnesota;

                          Respondents.

_____

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Jeanne J. Graham, dated February 15, 2006. The R&R recommended that the Court deny the Petition for Writ of Habeas Corpus. Petitioner filed Objections to the R&R on February 24, 2006. Respondents did not answer the Objections.

**BACKGROUND**

Petitioner is a former Northwest Airlines pilot who was based in Minneapolis, Minnesota. He has owned a home in Hastings, Minnesota, since 1997, where his wife and children live. From the early 1980s through the 2000 tax year, Petitioner claimed residence in the state of Washington, which does not have a personal income tax. He licensed his vehicles in Oregon, which does not have a motor vehicle tax.

In 2001, Petitioner was charged with filing false tax returns, tax evasion, and failure to pay motor vehicle taxes. The case went to trial, and in December 2002, a jury convicted him of one count of failure to pay a motor vehicle tax, three counts of tax evasion, and three counts

of filing fraudulent tax returns.   He directly appealed his convictions to the Minnesota Court of Appeals, which affirmed the convictions, and to the Minnesota Supreme Court, which denied review.   Petitioner also filed a petition for post-conviction relief in the state courts, which was denied on the grounds that the claims were procedurally defaulted.   The Minnesota Supreme Court denied review.

Petitioner is currently on probation.   On August 16, 2005, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, claiming multiple errors of law by the state courts. The Magistrate Judge recommended that eleven of Petitioner's grounds for relief be rejected because he did not raise them before the state appellate courts, which constitutes procedural default.   The Magistrate Judge recommended that the Petition be denied on the merits as to Petitioner's claims that: (1) federal law preempts Minnesota state law for determining the residency of a taxpayer;[1] and (2) the trial court erred in failing to hold a hearing on juror misconduct.   Petitioner has objected to the R&R on numerous grounds.

**DISCUSSION**

The Court has conducted a _de novo_ review of the record.   See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).   Based on the record and Petitioner's Objections, the Court adopts the R&R, denies the Petition, and dismisses this case with prejudice.

---

[1]   The preemption issue as framed by the Magistrate Judge includes three purported grounds for relief:  the first, ninth, and twelve grounds stated in the Petition.

2

Petitioner first objects to the finding of procedural default on eleven of his claims.[2] This objection is overruled.  Of the eleven claims recommended for dismissal on the grounds of procedural default, Petitioner failed to present the federal constitutional substance of ten of those claims to the state courts, and state procedural rules would now bar him from bringing those claims.  See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  Petitioner has demonstrated neither cause for the default nor actual prejudice.  See id.  Accordingly, the claims are procedurally defaulted.

Although Petitioner raised a vagueness argument as to Minn. Stat. § 289A.63 in the state courts, (Resp. App. Ex. 1 at 25-28), his argument relating to that statute is misplaced. Petitioner argued that the statute's reference to Minn. R. 8001.0300 to define residency and domicile for taxation purposes renders the statute unconstitutionally vague.  However, Minn. Stat. § 289A.63 neither refers to Minn. R. 8001.0300 nor discusses the definition of residency and domicile.  It appears that Petitioner conflates his void-for-vagueness argument he made on appeal against Minn. Stat. § 290.01, which he does not raise in the Petition, with the void-

---

[2]   The defaulted claims are (1) violation of the Privileges and Immunities Clause of the Fourteenth Amendment; (2) vagueness and indefiniteness of Minn. Stat. § 289A.63; (3) lack of subject matter jurisdiction because the trial court submitted Minnesota state law, rather than federal law, to the jury; (4) denial of due process based on jury instructions to make certain presumptions on residency; (5) denial of due process by submitting a general verdict to the jury; (6) denial of due process based on reversing the burden of proof at trial; (7) denial of due process and equal protection because of selective prosecution; (8) denial of due process based on estoppel and entrapment; (9) lack of subject matter jurisdiction and denial of due process because the State of Minnesota allowed an unauthorized person to commence an unauthorized criminal prosecution; (10) denial of due process for failing to allow exculpatory and impeachment evidence; and (11) denial of due process because the trial court allowed evidence of previous employer disciplinary actions.

3

for-vagueness argument he presently attempts to make against Minn. Stat. § 289A.63. Accordingly, this objection is overruled.

Next, Petitioner faults the Magistrate Judge for the standard of review applied to his surviving claims. This objection is without merit. The surviving grounds raised in the Petition challenge the trial court's application of law, not factual findings. Thus, the claims were appropriately analyzed under 28 U.S.C. § 2254(d)(1). Moreover, Petitioner has not explained how an analysis of his claims under § 2254(d)(2) would yield a different result.

Petitioner also objects to the Magistrate Judge's finding that neither the Federal Aviation Administration Authorization Act ("FAAAA") nor the Servicemembers Civil Relief Act ("SCRA") preempts a determination of domicile or residence under Minnesota law. However, the Court agrees with the R&R's analysis and conclusion that the application of Minnesota law to determine the residency of a taxpayer does not violate clearly established federal law. Neither the FAAA nor the SCRA offers a definition for the terms "residence" or "domicile." There is no irreconcilable conflict between the FAAAA or the SCRA and Minnesota law on residence or domicile, nor is there a clear and manifest indication that these federal statutes preempt state law. Accordingly, this objection is overruled.

Petitioner further objects to the Magistrate Judge's finding that the trial court properly declined to hold a Schwartz hearing. Petitioner claims that the trial court should have recalled the jury to determine whether they wanted to repudiate their verdict because they made a mistake in understanding or applying the law. Petitioner's objection is overruled on three grounds. First, Petitioner failed to present a claim based on federal law to the state courts on

this issue.   Second, Petitioner has not identified any violation of clearly established federal law.   Third, the purpose of a <u>Schwartz</u> hearing is to investigate possible juror misconduct, not to ask whether the verdict was based on a mistaken understanding or application of the law. <u>Minnesota v. Mattmiller</u>, No. A03-472, 2004 WL 12440404, at *7 (Minn. Ct. App. June 8, 2004).

Petitioner's remaining objections are that the Magistrate Judge did not mention a purportedly related case, Civ. No. 05-1241; that Respondents filed the Appendix of the state court proceedings <u>ex parte</u>; and that the Magistrate Judge made an inappropriate finding of fact. These objections are wholly without merit and are overruled.

**CONCLUSION**

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The R&R (Docket No. 14) is **ADOPTED**;

2.       Petitioner's Objections to the R&R (Docket No. 15) are **OVERRULED**;

3.      The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

4.      This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 12, 2006

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge