UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney Alan Mattmiller,                                    Civil No. 05-1841 (PAM/JJG)

               Petitioner,

v.
                                                  **ORDER**

Randy J. Kopesky, Tom Adkins, and the
Attorney General for the State of
Minnesota,

               Respondents.

---

This matter is before the Court to determine whether Petitioner should be granted a certificate of appealability (COA).

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the individual "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the petitioner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among

reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Although Petitioner filed a motion to proceed on appeal without prepayment of fees, which was previously denied, he did not request a COA or otherwise explain why a COA should issue.  His Notice of Appeal simply states that he seeks to appeal "all adverse findings, rulings[,] and judgments against him." (Docket No. 22). For the reasons set forth in the previously issued Orders and Report and Recommendation, however, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any findings or rulings in this case.  Petitioner procedurally defaulted on many of his claims and failed to show cause for the default or actual prejudice.  Other claims simply do not raise a federal constitutional issue.  All of Petitioner's other claims, motions, objections, and requests for relief are categorically without merit and do not deserve to proceed further.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that a Certificate of Appealability (Docket No. 25) is **DENIED**.

Dated: May 23, 2006

                                                  s/ Paul A. Magnuson
                                                 Paul A. Magnuson
                                                 United States District Court Judge